**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-cv-80589-BLOOM/Valle**

JEFFREY WHITMORE,

      Plaintiff,

v.

FEDERAL EXPRESS
CORPORATION,

      Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Jeffrey Whitmore's ("Whitmore" or

"Plaintiff") Motion for Partial Summary Judgment, ECF No. [48] (the "Motion"). The Court has

carefully reviewed the Motion, supporting and opposing submissions, the record, and the

applicable law. For the reasons set forth below, the Motion is denied.

Plaintiff is moving for partial summary judgment based upon Defendant Federal Express

Corporation's ("FedEx" or "Defendant") failure to timely respond to his Amended Request for

Admissions, ECF No. [48] at 6-7 ("Amended Request"). Plaintiff asserts that he served his

Amended Request on September 1, 2016. *See* Motion at 1. Plaintiff further contends that

Defendant failed to answer or object to the Amended Request within 30 days after being served

as required by Rule 36 of the Federal Rules of Civil Procedure. *Id.*

Among the enumerated requests, Plaintiff asked FedEx to admit or deny that, (1) James

Gordon, Defendant's truck driver, was negligent in operating the FedEx truck at the time of the

accident; (2) Plaintiff was not negligent in the operation of his bicycle at the time of the accident;

(3) Plaintiff sustained permanent injury as a result of Mr. Gordon's negligence; and (4) FedEx is

Case No. 16-cv-80589-BLOOM/Valle

vicariously liable for Mr. Gordon's negligence. *Id*. at 2-3, 6-7. Due to Defendant's purported failure to timely respond, these matters are deemed admitted. Fed. R. Civ. P. 36(a)(3). FedEx argues in opposition that its Response was timely, as the Amended Request was served via e-mail, and the Response was served thirty-three (33) days later, on October 4, 2016. ECF No. [60] at 1 ("Response"). In his Reply, ECF No. [73] ("Reply"), Plaintiff does not dispute Defendant's time calculation, but contends that Defendant' Response, served on October 4, 2016 entitled, "Defendants Responses to Plaintiff's First Request for Admissions," was not a proper response to the Amended Request. Reply at 2. Therefore, Plaintiff insists that Defendant's Response was not timely and that the Amended Request be deemed admitted. However, Plaintiff has not indicated how, in substance, the Amended Request required responses any different from those timely provided by Defendant on October 4, 2016. In fact, Plaintiff's Motion is entirely specious, given that Plaintiff's Amended Request contains a parenthetical under the title stating, "with corrected formatting error," *see* ECF No. [73-1], and upon the Court's review, both sets of requests are substantively identical.

Thus, the Court declines to indulge Plaintiff in his attempted game of "gotcha." Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment, **ECF No. [48]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 29th day of November, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

2